IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **FIRSTBANK PUERTO RICO,** ) | |
| ) | |
| Plaintiff, ) | CASE NO. ST-24-CV-_____ |
| v. ) | |
| ) | ACTION FOR DEBT |
| **CHANDRU J. KAYCEE, VEENA C. KAYCEE,** ) | AND FORECLOSURE |
| **and MAHOGANY RUN CONDOMINIUM** ) | OF MORTGAGE |
| **ASSOCIATION, INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, FirstBank Puerto Rico ("FirstBank"), through its attorneys, Dudley Newman Feuerzeig LLP, and for its Complaint against Defendants, Chandru J. Kaycee, Veena C. Kaycee and Mahogany Run Condominium Association, Inc., alleges as follows.

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and 48 U.S.C. § 1612(a) due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

2. The Court has personal jurisdiction over Defendants, Chandru J. Kaycee and Veena C. Kaycee, pursuant to 5 V.I.C. § 4903(a)(5) because they have an interest in, use, and/or possess real property in St. Thomas, U.S. Virgin Islands.

3. Venue is proper in this division as the real property at issue is located in St. Thomas, U.S. Virgin Islands.

### PARTIES

4. FirstBank is a banking institution organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in the Commonwealth of Puerto Rico and is a citizen of the Commonwealth of Puerto Rico for purposes of diversity jurisdiction.

5. Defendants, Chandru J. Kaycee and Veena C. Kaycee (collectively, the "Kaycees") are, upon information and belief, citizens of the state of New Jersey for the purposes of diversity jurisdiction.

6. Defendant, Mahogany Run Condominium Association, Inc. ("Mahogany Run"), is named pursuant to the requirements of 28 V.I.C. § 532 because it has the following junior lien claims against the property at issue and the Kaycees. Specifically, Mahogany Run recorded a Notice of Lien dated March 3, 2020 in the amount of $6,606.02, which was recorded with the Recorder of Deeds for the District of St. Thomas and St. John ("Recorder") on March 4, 2020 as Document No. 2020001139.

7. Mahogany Run is a citizen of the U.S. Virgin Islands for the purposes of diversity jurisdiction.

## FACTS

6. The Kaycees own real property more particularly described as follows:

**Building 65, Unit U Mahogany Run Condominium located at Parcel Nos. A-3-A-1, (includes A-3-A-1-A), A-3-A-2, (includes A-3-A-2-A), A-3-A-3, (includes A-3-A-3-A), A-3-A-4, A-3-A-5-A, A-3-A-5-B, A-3-A-5-C, A-3-A-6-A, A-3-A-6-B, C-3-A-1, C-3-A-2, C-3-A-3, C-3-B, C-18-A, C-18-C, C-18-D, C-46, C-55-A, C-55-B, C-56, C-57, C-58, C-59-A, C-60, C-61, C-62, C-62-A, C-63-A, C-63-B, C-64, C-65, D-2-A, D-3-A, D-8-A, D-8-C, D -8-D, D-20-A, D-23-A, D-23-B, D-24, D-25, and D-26 Estate Lovenlund, No. 2 Great Northside, Quarter, St. Thomas, U. S. Virgin Islands, designated and described as such in the Declaration establishing a plan for condominium ownership of said buildings and said property made by Mahogany Run Development Corporation under the Condominium Act of the Virgin Islands of the United States (Chapter 33, title 28 Virgin Islands Code) dated May 2, 1980, and recorded in the Office of the Recorder of Deeds for St. Thomas and St. John on May 2, 1980, in Book 21-F, Page 138, Sub No. 579 and in Auxiliary Register 21(c) at Page 341 (hereinafter called the Declaration) as amended from time to time.**

**Together with an undivided percentage interest in the common areas and**

*FirstBank Puerto Rico v. Chandru J. Kaycee, et al.*
Case No. ____-CV-____
Complaint
Page 3 of 5

facilities including but not limited to all easements appurtenant thereto ("**Condominium**").

A true and correct copy of the July 5, 2006 Condominium Warranty Deed is attached as **Exhibit 1**.

7. On July 19, 2006, the Kaycees, executed and delivered to FirstBank a note in which they promised to pay the principal amount of Four Hundred Thousand Five Hundred Dollars ($400,500.00) plus interest at the rate of 7.125% per annum in consecutive monthly installments commencing on September 1, 2006 ("Note"). A true and correct copy of the Note is attached as **Exhibit 2**.

8. As security for the repayment of the Note, on July 19, 2006, the Kaycees, executed a first priority mortgage, condominium rider, and 1-4 Family Rider (Assignment of Rents) providing FirstBank with a security interest in the Condominium and all personal property, rents and revenues described therein (collectively, "Mortgage"). The mortgage, condominium rider, and Assignment of Rents were recorded on July 19, 2006, as Document No. 2006007215. A true and correct copy of the Mortgage is attached as **Exhibit 3**.

9. The Kaycees have failed to, among other things, make the required payments of principal and interest to FirstBank as required in the Note, and are, therefore, in default under the terms of the Note and Mortgage.

10. FirstBank made a demand upon the Kaycees pursuant to the terms of the Note and Mortgage for payment of the overdue principal, interest, late charges, and property and casualty insurance paid by FirstBank.

11. The Kaycees failed to cure their defaults within the time provided and failed to pay all principal and interest due as demanded and, as a result, FirstBank properly accelerated the loan.

*FirstBank Puerto Rico v. Chandru J. Kaycee, et al.*
Case No. \_\_\_\_-CV-\_\_\_\_
Complaint
Page 4 of 5

12. Subsequently, the Kaycees filed for bankruptcy and the Kaycees' *in personam* debt under the Note was discharged in bankruptcy.

13. Accordingly, Plaintiff is proceeding herein solely *in rem* against the Condominium, as the mortgaged property.

14. Under the terms of the Mortgage, any insurance premiums, taxes, assessments, fees, charges, fines or impositions paid on behalf of the Condominium, shall be included in the debt evidenced by the Note and secured by the Mortgage.

15. Additionally, as stated in the Note and Mortgage, FirstBank is entitled to reasonable costs and expenses incurred by FirstBank in bringing this action including, but not limited to reasonable attorneys' fees.

Accordingly, FirstBank respectfully requests:

a. judgment declaring that the Kaycees, jointly and severally, have defaulted under the Note and Mortgage, thereby entitling FirstBank to exercise all of the remedies available post-bankruptcy as aprovided for in those instruments, including foreclosure of its lien covering the Condominium;

b. judgment declaring the amount of the outstanding unpaid obligations under the Note, including principal, interest, late charges, costs, expenses, and attorneys' fees;

c. judgment adjudicating the relative priority of liens covering the Condominium and declaring that any interest, claims or liens of Mahogany Run are junior and subject to the lien of FirstBank;

d. judgment foreclosing all liens against the Condominium and ordering the Condominium be seized, and that FirstBank be paid from the proceeds of the sale all amounts due on

*FirstBank Puerto Rico v. Chandru J. Kaycee, et al.*
Case No. ____-CV-____
Complaint
Page 5 of 5

the Note including, but not limited to, any sums that FirstBank may pay for insurance premiums, taxes, fees, and assessments on behalf of the Condominium, with interest, from the date of payment;

   e. judgment declaring that the Kaycees, Mahogany Run, and all persons claiming from and under them are barred and forever foreclosed of all right, title, lien, claim and equity of redemption in and to any of the Condominium, subject only to any applicable statutory right of redemption, except where waived and released;

   f. judgment setting forth all of the terms and conditions of the foreclosure sale and providing that FirstBank may bid in all or a portion of its judgment recovered in this action;

   g. judgment appointing a receiver, if separately requested by FirstBank, to take possession, custody, and control of the Condominium pending final disposition of this matter, pursuant to the orders of this Court; and

   h. judgment awarding FirstBank such further relief as is just and equitable.

        Respectfully submitted,

        **DUDLEY NEWMAN FEUERZEIG LLP**

DATED: January 23, 2024   By: /s/ *Lisa Michelle Kömives*
          Lisa Michelle Kömives
          VI Bar No. 1171
          1000 Frederiksberg Gade
          P.O. Box 756
          St. Thomas, VI 00804-0756
          Telephone: (340) 774-4422
          lkomives@dnfvi.com
          *Attorneys for FirstBank Puerto Rico*