**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| FIRSTBANK PUERTO RICO, | ) | |
| | ) | |
| Plaintiff, | ) | CASE: 3:24-cv-0003 |
| | ) | |
| v. | ) | |
| | ) | ACTION FOR DEBT |
| CHANDRU J. KAYCEE, VEENA C. KAYCEE, | ) | AND FORECLOSURE |
| and MAHOGANY RUN CONDOMINIUM | ) | OF MORTGAGE |
| ASSOCIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT

This matter is before the Court on the motion of FirstBank Puerto Rico ("FirstBank") for default judgment against Defendants, Chandru J. Kaycee and Veena C. Kaycee (collectively, the "Kaycees"), and for summary judgment against Defendant, Mahogany Run Condominium Association, Inc. ("Mahogany Run"). Upon review of the motion and supporting materials filed by FirstBank, and all responses filed herein, and being duly advised in the premises, the Court finds:

1. The Kaycees are the record owners of real property more particularly described as Building 65, Unit U Mahogany Run Condominium located at Parcel Nos. A-3-A-1, (includes A-3-A- 1-A), A-3-A-2, (includes A-3-A-2-A), A-3-A-3, (includes A-3-A-3-A), A-3-A-4, A-3-A-5-A, A-3-A-5-B, A-3-A-5-C, A-3-A-6-A, A-3-A-6-B, C-3-A-1, C-3-A-1, C-3-A-2, C-3-A-3, C-3-B, C-18-A, C-18-C, C-18-D, C-46, C-55-A, C-55-B, C-56, C-57, C-58, C-59-A. C-60, C-61, C-62, C-62-A, C-63-A, C-63-B, C-64, C-65, D-2-A, D-3-A, D-8-A, D-8-C, D-D-8-D, D-20-A, D-20-A, D-23-A, D-23-B, D-24, D-25, and D-26 Estate Lovenlund, Great Northside Quarter, St. Thomas, U. S. Virgin Islands, designated and described as such in the Declaration establishing a plan for Condominium ownership

FirstBank Puerto Rico v Kaycee, et al.
Case 3:24-cv-0003
Judgment
Page 2

of said buildings and said property made by Mahogany Run Development Corporation under the Condominium Act of the Virgin Islands of the United States (Chapter 33, Title 28 Virgin Islands Code) dated May 2, 1980, and recorded in the Office of the Recorder of Deeds for the District of St. Thomas and St. John on May 2, 1980, in Book 21-F, Page 138, Sub No. 579 and in Auxiliary Register 21(c) at Page 341 (hereinafter called the Declaration) as amended from time to time. Together with an undivided percentage interest in the common areas and facilities including but not limited to all easements appurtenant thereto ("Condominium").

2. On July 19, 2006, the Kaycees, executed and delivered to FirstBank a note in which they promised to pay the principal amount of Four Hundred Thousand Five Hundred Dollars ($400,500.00) plus interest at the rate of 7.125%, *per annum*, in consecutive monthly installments commencing on September 1, 2006 ("Note").

3. As security for the repayment of the Note, on July 19, 2006, the Kaycees, executed a first priority mortgage, condominium rider, and 1-4 Family Rider (Assignment of Rents) providing FirstBank with a security interest in the Condominium and all personal property, rents and revenues described therein (collectively, "Mortgage"). The mortgage, condominium rider, and Assignment of Rents were recorded on July 19, 2006, as Document No. 2006007215.

4. The Kaycees have failed to, among other things, make the required payments of principal and interest to FirstBank as required in the Note and Mortgage, and are therefore in default under the terms of the Note and Mortgage.

5. FirstBank made demand pursuant to the terms of the Note and Mortgage for payment of the overdue principal, interest, and late charges.

Case: 3:24-cv-00003-RAM-GAT   Document #: 29   Filed: 10/06/25   Page 3 of 8

FirstBank Puerto Rico v Kaycee, et al.
Case 3:24-cv-0003
Judgment
Page 3

6. Under the terms of the Mortgage, any insurance premiums, taxes assessments, fees, charges, fines, or impositions paid on behalf of the Condominium, shall be included in the debt evidenced by the Note and secured by the Mortgage.

7. Additionally, as stated in the Note and Mortgage, FirstBank is entitled to reasonable costs and expenses incurred by FirstBank in bringing this action including but not limited to reasonable attorneys' fees.

8. Mahogany Run has a junior lien against the property at issue and the Kaycees. Specifically, Mahogany Run recorded a Notice of Lien dated March 3, 2020, in the amount of $6,606.02, on March 4, 2020, as Document No. 2020001139.

9. As of September 11, 2024, the Kaycees jointly and severally owe FirstBank principal in the amount of Three Hundred Thirty-Five Thousand, One Hundred Ninety-Eight Dollars and Eight Cents ($335,198.80), plus accrued interest in the amount of One Hundred Sixty-Five Thousand, Eight Hundred Forty-Four Dollars and Twenty-Four Cents ($165,844.24), plus mortgage insurance in the amount of One Hundred Thirty-Three Dollars and Fifty Cents ($133.50), plus late charges in the amount of Eight Thousand, Four Hundred Ninety-Nine Dollars and Thirty-Three Cents ($8,499.33), plus escrow advances in the amount of Fifteen Thousand, Three Hundred Twenty-Seven Dollars and Ten Cents ($15,327.10), plus recoverable balance in the amount of One Thousand, Four Hundred Forty-Six Dollars and Sixty Cents ($1,446.60), for a total indebtedness in the amount of Five Hundred Twenty-Six Thousand, Four Hundred Forty-Nine Dollars and Fifty-Seven Cents ($526,449.57). In addition, interest continues to accrue at the rate of $65.43, *per diem*, and late charges will continue to accrue in the amount of $134.91, per month, until the Court

Case: 3:24-cv-00003-RAM-GAT    Document #: 29    Filed: 10/06/25    Page 4 of 8

FirstBank Puerto Rico v Kaycee, et al.
Case 3:24-cv-0003
Judgment
Page 4

enters judgment. Thereafter, interest will accrue at the statutory rate until the Judgment is fully satisfied.

10. Pursuant to the terms of the Note and Mortgage, as well as 5 V.I.C. §541, FirstBank is entitled to an award of costs and attorneys' fees.

11. The Kaycees' *in personam* debt under the Note was discharged in bankruptcy, therefore, this judgment is solely *in rem* against the Condominium, as the mortgaged property.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that FirstBank's Motion for Summary and Default Judgment is **GRANTED;** it is further

**ORDERED, ADJUDGED, AND DECREED** that FirstBank is awarded final judgment on the Note and Mortgage in the principal amount of Three Hundred Thirty-Five Thousand, One Hundred Ninety-Eight Dollars and Eighty Cents ($335,198.80), plus accrued interest as of September 11, 2024, in the amount of One Hundred Sixty-Five Thousand, Eight Hundred Forty-Four Dollars and Twenty Four Cents ($165,844.24), plus mortgage insurance in the amount of One Hundred Thirty-Three Dollars and Fifty Cents ($133.50), plus late charges in the amount of Eight Thousand, Four Hundred Ninety-Nine Dollars and Thirty-Three Cents ($8,499.33), plus escrow advances in the amount of Fifteen Thousand, Three Hundred Twenty-Seven Dollars and Ten Cents ($15,327.10), plus recoverable balance in the amount of One Thousand, Four Hundred Forty-Six Dollars and Sixty Cents ($1,446.60), for a total indebtedness of Five Hundred Twenty-Six Thousand, Four Hundred Forty-Nine Dollars and Fifty-Seven Cents ($526,449.57). In addition, interest continues to accrue at the rate of $65.43, *per diem,* and late charges will continue to accrue per month in the amount of

FirstBank Puerto Rico v Kaycee, et al.
Case 3:24-cv-0003
Judgment
Page 5

$134.91, until the Court enters judgment. Thereafter, interest will continue to accrue at the statutory rate of 3.64%, until the judgment is fully satisfied, plus an award of attorneys' fees in the amount of $12,246.01 and an award of costs in the amount of $994.75, plus such additional fees and costs as may be determined upon the appropriate application filed any time prior to entry of an order confirming the sale of the Condominium; it is further

**ORDERED, ADJUDGED, AND DECREED** that FirstBank's mortgage lien covering the Condominium is a first priority lien; it is further

**ORDERED, ADJUDGED, AND DECREED** that Mahogany Run's lien is a junior lien against the Property and Mahogany Run's lien is hereby foreclosed; it is further

**ORDERED, ADJUDGED AND DECREED** that any other claims, liens or encumbrances that were recorded against the Condominium subsequent to the date of recording of the Mortgage and prior to the recording of the Notice of Lis Pendens where the subordinate lienholder(s) has/have been made a defendant(s) in this action, and any liens recorded against the Property after the date of the recording of the Notice of Lis Pendens, and any liens that may be recorded at any time hereafter against the interest of the Kaycees, their successors and/or assigns, are hereby foreclosed; it is further

**ORDERED, ADJUDGED AND DECREED** that the Condominium shall be sold by the Office of the U.S. Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale; and then toward satisfaction of this judgment in favor of FirstBank , including any costs and attorneys' fees that may be awarded upon application, and any sums paid for insurance premiums, taxes, assessments, dues and/or other expenditures paid on behalf of the Condominium by FirstBank, with interest from the

date of any such payment, and third to Mahogany Run. The surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the Registry of the Court; it is further

**ORDERED, ADJUDGED AND DECREED** that:

1. Notice of the Marshal's sale shall be published once a week for four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Condominium as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

   a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Ron de Lugo Federal Building & U.S. Courthouse, St. Thomas, U.S. Virgin Islands.

   b. FirstBank may bid a credit against its judgment and interest thereon, plus any costs and expenses, without tender of cash.

   c. The terms of sale as to all other persons or parties bidding shall be cash. The successful bidder, called purchaser herein, shall be required to deposit with the United States Marshal cash equal to ten percent (10%) of his total bid at or before 3:00 p.m. on the date of sale; and the remaining ninety percent (90%) of said purchase price to be paid on or before 3:00 p.m. within thirty (30) days inclusive of the date of sale.

   d. The successful bidder shall be responsible for the payment of any commission due and owing to the United States Marshal pursuant to 28 U.S.C. §1921, and for the payment of stamp taxes, recording fees, and related charges associated with obtaining and recording a deed to the Property.

FirstBank Puerto Rico v Kaycee, et al.
Case 3:24-cv-0003
Judgment
Page 7

    e. The United States Marshal shall make his report of sale within ten (10) days from the date of sale.

    f. If no objection has been filed in writing in this cause with the Clerk of the Court, within five (5) days after the return thereof, inclusive from the date of sale, the sale shall be confirmed upon motion of FirstBank, and the United States Marshal shall make and deliver a certificate of sale to said purchaser.[1]

    g. The proceeds of such sale shall be applied first to the expenses associated with any sale, and then toward satisfaction of this Judgment in favor of FirstBank, including any costs and additional attorneys' fees that may be awarded upon application and any sums that may be paid by FirstBank for insurance premiums, taxes, and expenditures necessary to maintain the Condominium pending sale, with interest from the date of any such payment. The surplus, if any, remaining after application of the proceeds as provided above, shall be paid to the subordinate lienholders in order of priority; it is further

  **ORDERED, ADJUDGED AND DECREED** that FirstBank shall have any and all writs necessary to execute the terms of this Judgment; it is further

  **ORDERED, ADJUDGED AND DECREED** that the Kaycees, their successors, assigns or personal representatives, and all persons claiming from or under them shall be forever barred and foreclosed of and from all rights of redemption and claims of, or to the

---

[1] See, 5 V.I.C. §489, states in part, "[w]henever real property is sold on execution the provisions of this section shall apply to the subsequent proceedings: (1) The plaintiff in the writ of execution shall be entitled, on motion therefore, to have an order confirming the sale, unless the judgment debtor, or his representative in case of his death, files with the clerk his objections thereto within five days after the return thereof. If no such objections are filed within such five days, the clerk shall issue an order confirming the sale."

FirstBank Puerto Rico v Kaycee, et al.
Case 3:24-cv-0003
Judgment
Page 8

Condominium except for said statutory redemption rights as may exist under applicable laws; and it is further

**ORDERED, ADJUDGED AND DECREED** that no money judgment against the Kaycees is ordered because of their discharge of the debt evidenced in the Note through their bankruptcy filing referenced above.

DATED: October 6, 2025                            */s/ Robert A. Molloy*
                                                  **ROBERT A. MOLLOY**
                                                  **Chief Judge**